Cleamon BRYANT, Appellant,

v.

STATE of Indiana, Appellee.

No. 785S267.

Supreme Court of Indiana.

Oct. 16, 1986.

Diane McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Cleamon Bryant was found guilty by the trial court in Lake Superior Court of voluntary manslaughter, a class B felony, and attempted voluntary manslaughter, a class B felony. He was sentenced to fourteen (14) years on each count, the sentences to be served concurrently. On direct appeal, the sole issue for our consideration is whether the trial court erred in denying Appellant's Motion for Judgment on the Evidence, and whether there is sufficient evidence to sustain the conviction.

Appellant went to Evelyn Parrish's apartment on November 21, 1983. The two watched television and drank wine until midnight or shortly thereafter, at which time they went to sleep. At 7:00 a.m. the following morning, Parrish awakened Appellant and told him he had to leave because her mother was coming over. Appellant returned later and asked Parrish to fix breakfast for him. Parrish told him she would not, that she had to leave, and that she did not want to see him any more. Appellant and Parrish left the apartment separately. When Parrish returned around noon with her daughter, she observed her brother, who also lived in the apartment, in her bedroom, and Appellant walking out of her daughter's bedroom with a handgun. Appellant grabbed Parrish's arm. When Parrish pleaded with Appellant not to shoot her, he replied, "B_____, get on the floor." Parrish's brother also asked Appellant not to shoot her. Appellant shot and killed Parrish's brother, and then shot Parrish in the face and leg.

Appellant phrases his argument in terms of the trial court's failure to grant his "Motion for a Directed Verdict." We

first note that in a bench trial, the proper motion is for a judgment on the evidence, because a trial court, sitting without a jury, returns a judgment, as opposed to a verdict. We next note that Appellant has waived this argument by producing evidence on his behalf after the trial court denied counsel's motion for a judgment. Our standard was set forth in *Bivins v. State* (1982), Ind., 433 N.E.2d 387, 391, that any error with respect to a trial court's denial of a motion for judgment on the evidence is waived where the defendant presents evidence on his own behalf. Furthermore, the evidence set forth above, which was presented during the State's case-in-chief, did not warrant a judgment on the evidence for Appellant. Such judgments are proper only where the evidence favorable to the non-moving party and all reasonable inferences therefrom fail to establish an essential element of the crime. *State v. Lewis* (1981), Ind., 429 N.E.2d 1110, 1114, *reh. denied* (1982), *cert. denied* (1982), 457 U.S. 1118, 102 S.Ct. 2931, 73 L.Ed.2d 1331. Appellant did not specifically raise the issue of self-defense. He now argues, however, that his testimony supported that defense, and that the State's evidence did not negate it. His position amounts to no more than an invitation for us to reweigh the evidence. This we will not do. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Appellant merely sets forth the evidence favorable to his position, and concludes that such supports a finding of self-defense. However, the trial court had before it evidence supporting both sides, and found the State's case more credible. The State's evidence did sufficiently negate self-defense. It is not our function to upset that finding simply by reweighing the two arguments. *Id.* The evidence set forth above is sufficient to sustain the conviction.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.